# IN THE COURT OF APPEALS OF IOWA

No. 19-1555
Filed August 4, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**CASSANDRA GREENWAY,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

A defendant appeals her conviction for theft in the second degree.
**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

In fall 2019, a jury convicted Cassandra Greenway of second-degree theft. The district court sentenced her to an indeterminate five-year term of incarceration. Greenway appeals, alleging two points of ineffective assistance of counsel.[1]

A Waterloo car dealership reported a white 2011 Chevrolet Silverado truck was missing from its lot. About two weeks later, police stopped that white truck. Greenway was a passenger. Officers discovered the truck had stolen license plates.

The State charged Greenway with theft in the second degree, a class "D" felony, in violation of Iowa Code sections 714.1(4) and 714.2(2) (2018). At trial, Greenway testified a friend told her she could use the truck, which she did not know was stolen. The State offered, without defense objection, the license plates found on the Silverado. In closing, the State argued that the jury could infer Greenway's knowledge[2] from her possession of the stolen property. The jury convicted Greenway as charged.

On appeal, Greenway contends counsel provided ineffective assistance in failing to move for judgment of acquittal based on her lack of knowledge the truck was stolen and failing to object to the stolen license plates as prior bad acts evidence. *See* Iowa R. Evid. 5.404(b)(1). But we lack authority to address either claim. A recently enacted amendment to Iowa Code section 814.7 strips appellate

---

[1] If we can decide ineffective-assistance-of-counsel claims, our review is de novo. *See State v. Zacarias*, 958 N.W.2d 573, 580 (Iowa 2021).
[2] The jury instructions required proof that "the defendant knew or believed the property had been stolen."

courts of authority to resolve ineffective-assistance-of-counsel claims on direct appeal.[3] Such claims "shall not be decided on direct appeal from the criminal proceedings." Iowa Code § 814.7 (Supp. 2019). Instead, they "shall be determined by filing an application for postconviction relief pursuant to chapter 822." *Id.*; *see State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021) (rejecting constitutional challenges to section 814.7).

We may still consider ineffective-assistance claims if "the appeal was already pending on July 1, 2019," the date the amendment went into effect. *Zacarias*, 958 N.W.2d at 580 (quoting *State v. Ross*, 941 N.W.2d 341, 345 (Iowa 2020)). But Greenway did not file her notice of appeal until September 2019. So the statute applies, and we cannot decide either of her claims.

As a fallback, Greenway argues that if relief under the ineffective-assistance-of-counsel framework is unavailable, we should reverse on plain error. *See, e.g.*, Fed. R. Crim. P. 52(b) (allowing an appellate court to consider "plain error that affects substantial rights . . . even though it was not brought to the [district] court's attention"). But that argument has not gained traction with our supreme court. *See Treptow*, 960 N.W.2d at 109 (collecting cases). So we must affirm on direct appeal. Greenway may still raise her claims in a postconviction-relief proceeding.

**AFFIRMED.**

---

[3] The supreme court clarified the amended statute "does not limit *jurisdiction*; it limits the *authority* of Iowa's appellate courts to resolve ineffective-assistance claims on direct appeal." *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (emphasis added).